UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Robert Murray, *a/k/a* Leviticus Bofnet Lucfer,

                                Plaintiff,

        -against-

City of New York, et al.,

                                Defendants.

1:24-cv-03758 (JGLC) (SDA)

**ORDER OF SERVICE**

**STEWART D. AARON, United States Magistrate Judge:**

*Pro se* Plaintiff, who currently is a pretrial detainee housed in West Facility on Rikers Island, brings this action under 42 U.S.C. § 1983, alleging at least seven claims that seventeen Defendants violated his federal constitutional rights when he was detained at various facilities on Rikers Island and at Mid-Hudson Forensic Psychiatric Center on June 7, 2023; September 4, 2023, September 12, 2023; October 12, 2023; October 24, 2023;[1] October 30, 2023; and March 10, 2024.[2] (Compl., ECF No. 1, PDF pp. 2-10.) By Order, dated May 25, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[3] (5/25/24 Order, ECF No. 4.)

---

[1] Plaintiff avers that paperwork may indicate October 25, 2023, instead of October 24, 2023. (Compl. at PDF p. 8.)

[2] While Plaintiff supplies four occurrence dates in the Complaint, based on the narrative Plaintiff provided, additional relevant dates are provided. (*See generally* Compl.)

[3] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

A. <u>Waiver Of Service</u>

The Clerk of Court is directed to electronically notify the New York City Department of Correction ("DOC") and the New York City Law Department, Office of the Corporation Counsel (the "Law Department"), of this Order. The Court requests that the City of New York; Dept. Hamuton; DOC Correction Officer ("C.O.") Philogene, Shield No. 8360; C.O. Dawkins, Shield No. 7198; Capt. Toliver, Shield No. 1291; C.O. Monagan, Shield No. 12320; C.O. Hasangjekaj, Shield No. 2071; C.O. Tomasik, Shield No. 19746; Payne, Shield No. 140; C.O. Pratt; and Captain Banks[4] waive service of a summons in accordance with Rule 4(d) of the Federal Rules of Civil Procedure.

B. <u>*Valentin* Order For C.O. Jane Doe</u>

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to permit the DOC to identify the Jane Doe Correction Officer whom Plaintiff alleges used a chemical agent on him on October 24, 2023.[5] (Compl. at PDF p. 8.)

It is therefore ordered that the Law Department, which is counsel for and agent of the DOC, must ascertain the identity and badge number of the John and Jane Does whom Plaintiff

---

[4] Plaintiff includes Captain Banks in the case caption on the Complaint, but does not provide any specific allegations against Captain Banks. (*See* Compl. at 1.) However, Captain Banks is not listed on the ECF docket. Thus Clerk of Court is respectfully directed to list Captain Banks as a Defendant on the ECF docket.

[5] Plaintiff also names five John Doe Correction Officers as defendants. Because Plaintiff does not allege facts describing how these officers were personally involved in the events giving rise to his claims and he provides no information that would allow the DOC to identify them, the Court declines to issue a *Valentin* order as to these Defendants at this time.

seeks to sue here and the address where each Defendant may be served.[6] The Law Department is further ordered to confirm the identifies and badge numbers of the other Defendants that Plaintiff has identified herein. The Law Department must provide this information to Plaintiff and the Court, by letter filed to the ECF docket, within sixty (60) days of the date of this Order.

Within thirty (30) days of receiving this information, Plaintiff must file an Amended Complaint naming the John and Jane Doe Defendants. The Amended Complaint will replace, not supplement, the original Complaint. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an Amended Complaint, the Court will screen the Amended Complaint and, if necessary, issue an order asking Defendant to waive service once again.

C.     **Local Civil Rule 33.2**

Local Civil Rule 33.2 of the United States District Court for the Southern District of New York, which requires defendants in certain types of prisoner cases to respond to specific, Court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Complaint,

---

[6] If the Doe Defendant is a current or former DOC employee or official, the Law Department should note in the response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe Defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served, which may be filed under seal.

Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[7]

## CONCLUSION

The Clerk of Court is directed to electronically notify DOC and the Law Department of this Order. The Court requests that the City of New York; Dept. Hamuton; C.O. Philogene, Shield No. 8360; C.O. Dawkins, Shield No. 7198; Capt. Toliver, Shield No. 1291; C.O. Monagan, Shield No. 12320; C.O. Hasangjekaj, Shield No. 2071; C.O. Tomasik, Shield No. 19746; Payne, Shield No. 140; C.O. Pratt; and Captain Banks waive service of summons.

The Clerk of Court is directed to mail a copy of this Order and the complaint to the Law Department at: 100 Church Street, New York, NY 10007. The Clerk of Court is also directed to mail an information package to Plaintiff. Local Civil Rule 33.2 applies to this action.

**SO ORDERED.**

DATED:   New York, New York
         June 5, 2024

_____
STEWART D. AARON
United States Magistrate Judge

---

[7] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes     ☐ No
(check one)

\_\_\_ Civ. _____ ( )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.   Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name
               ID#
               Current Institution
               Address

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name                              Shield #
                   Where Currently Employed
                   Address

*Rev. 01/2010*                                1

| | | |
|---|---|---|
| Defendant No. 2 | Name | Shield # |
| | Where Currently Employed | |
| | Address | |

| | | |
|---|---|---|
| Defendant No. 3 | Name | Shield # |
| | Where Currently Employed | |
| | Address | |

**Who did what?**

| | | |
|---|---|---|
| Defendant No. 4 | Name | Shield # |
| | Where Currently Employed | |
| | Address | |

| | | |
|---|---|---|
| Defendant No. 5 | Name | Shield # |
| | Where Currently Employed | |
| | Address | |

**II.     Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

B.    Where in the institution did the events giving rise to your claim(s) occur?

C.    What date and approximate time did the events giving rise to your claim(s) occur?

D.    Facts:

**What happened to you?**

*Rev. 01/2010*                                          2

> **Was anyone else involved?**

> **Who else saw what happened?**

III. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

IV. **Exhaustion of Administrative Remedies**:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes    No

*Rev. 01/2010*                                  3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

   Yes        No        Do Not Know

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes        No        Do Not Know

   If YES, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

   Yes        No

   If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   Yes        No

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

   1. Which claim(s) in this complaint did you grieve?

   2. What was the result, if any?

   3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here:

*Rev. 01/2010*                                         4

2.  If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.   Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*                                    5

_____
_____
_____

**VI.    Previous lawsuits:**

**On these claims**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes          No

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.    Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____

   3.    Docket or Index number _____
   4.    Name of Judge assigned to your case
   5.    Approximate date of filing lawsuit _____
   6.    Is the case still pending?   Yes          No

      If NO, give the approximate date of disposition

   7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
   Yes          No

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.    Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2.    Court (if federal court, name the district; if state court, name the county) _____

   3.    Docket or Index number _____
   4.    Name of Judge assigned to your case
   5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                                                6

6.       Is the case still pending?   Yes         No

          If NO, give the approximate date of disposition

7.       What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

                              Signature of Plaintiff

                              Inmate Number

                              Institution Address

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                              Signature of Plaintiff:

*Rev. 01/2010*                                     7