UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Murray, *a/k/a* Leviticus Bofnet Lucfer,

           Plaintiff,

-against-

City of New York, et al.,

           Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2024
```

1:24-cv-03758 (JGLC) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, on August 6, 2024, the Court set a September 5, 2024 deadline for *pro se* Plaintiff Robert Murray ("Plaintiff") to file his Amended Complaint (8/6/24 Order, ECF No. 16); and

WHEREAS, on September 6, 2024, the Court extended the time for Plaintiff to file his Amended Complaint until October 6, 2024 due to apparent delays in sending and receiving mail (9/6/24 Order, ECF No. 20; *see also* Pl.'s 8/28/24 Ltr., ECF No. 19); and

WHEREAS, on September 16, 2024, the Court entered an Amended Order that provided Plaintiff additional time (*i.e.*, until October 18, 2024) to file his Amended Complaint due to a change in his mailing address (9/16/24 Am. Order, ECF No. 22; *see also* Pl.'s 9/13/24 Ltr., ECF No. 21); and

WHEREAS, on September 23, 2024, a letter was filed to the ECF docket, dated September 21, 2024, from Cynthia H. Turnipseed ("Turnipseed"), who identifies herself as Plaintiff's common law wife, requesting the Court to stay this case until Plaintiff was provided access to paper, pens, envelopes and stamps (Pl.'s 9/23/24 Ltr., ECF No. 23, at p. 1); and

WHEREAS, on September 26, 2024, the Court issued an Order requiring Defendant City of New York (the "City") to make inquiries with the New York City Department of Correction ("NYC DOC") as to why Plaintiff was not being provided access to paper, pens, envelopes and stamps, and to file a response to Plaintiff's letter stating its position with respect to Plaintiff's request for a stay, and its efforts expended and information gained regarding Plaintiff's assertion as to access to materials to prosecute his case, and also scheduled a telephone conference to take place on October 24, 2024 at 11:00 a.m. (9/26/24 Order, ECF No. 24, at 1); and

WHEREAS, also in the September 26, 2024 Order, the deadline for Plaintiff to file his Amended Complaint was adjourned *sine die* (*id*. at 2); and

WHEREAS, on October 10, 2024, the City filed a letter motion to stay the proceedings in this case due to a pending motion in an unrelated case seeking to rescind Plaintiff's *in forma pauperis* status (the "10/11/24 Letter Motion") (Def.'s 10/10/24 Ltr. Mot., ECF No. 26); and

WHEREAS, on October 11, 2024, the Court reserved ruling on the 10/10/24 Letter Motion because Plaintiff had not provided his position on the motion, and the Court was awaiting the City's forthcoming letter to furnish the Court with additional information as to Plaintiff's access to materials (10/11/24 Order, ECF No. 27); and

WHEREAS, on October 17, 2024, Turnipseed filed another letter on behalf of Plaintiff, dated October 8, 2024, apprising the Court:

> [B]ecause of things beyond [Plaintiff's] control[,] [Plaintiff] would like for [the Court] to dismiss this case without prejudice until [Plaintiff] is able to answer the complaint or rather respond. [NYC] DOC isn't allowing him access to [the] law library, he has no needed utensils to write, no stamps, no envelopes, [and] they are making it hard for him to get around due to the fact that he needs a

2

>wheelchair, [as] he has documents stating that[,] but [NYC] DOC refuses to comply, so please once again dismiss without prejudice until a later date[.]

(Pl.'s 10/17/24 Ltr., ECF No. 28, at 1); and

WHEREAS, on October 18, 2024, counsel for the City, Seamus O'Connor, Esq. ("Attorney O'Connor"), filed a letter in accordance with the Court's prior Order that did not oppose Plaintiff's request for a stay (though, its basis for concurrence was on other grounds), and with respect to Plaintiff's allegations as to access to materials, stated:

>According to a [NYC] DOC representative, there are not records of pens, papers, or envelopes given to inmates, and therefore we cannot confirm whether plaintiff was being given these items. Generally speaking, inmates are afforded those items in their cells unless there is some sort of security risk. Inmates are also provided these items when they are given access to Law Library Services. [NYC] DOC does document when inmates are given access to the Law Library. After an investigation, [NYC] DOC has found that there is no documentation of plaintiff being given access to the Law Library between September 10 and October 12. Plaintiff was provided with Law Library Services on October 12, 2024 and October 16, 2024. Furthermore, [NYC] DOC is taking steps to ensure that plaintiff is provided with Law Library Services moving forward, including requiring regular reports of Law Library access for GRVC housing areas.

(Def.'s 10/18/24 Ltr., ECF No. 29, at 1-2); and

WHEREAS, prison authorities have an obligation to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977); and

WHEREAS, "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents . . . and with stamps to mail them" (*id.* at 824-25); and

3

WHEREAS, on October 24, 2024, the Court held a telephone conference to discuss the foregoing, at which Plaintiff,[1] Turnipseed, Attorney O'Connor and another attorney for the City appeared. (10/24/24 Minute Entry.)

NOW, THEREFORE, it is hereby ORDERED, as follows:

1. No later than Friday, November 1, 2024, on behalf of the City, Attorney O'Connor shall file a letter:

    a. Addressing the accuracy of the representation made to the Court in the City's 10/18/24 Letter that Plaintiff "was provided with Law Library Services on October 12, 2024 and October 16, 2024" (Def.'s 10/18/24 Ltr. at 2), and amplified by Attorney O'Connor's statement to the Court today that he was advised by the NYC DOC that Plaintiff actually had in fact been provided access to the Law Library on October 12 and 16, by either:

        i. Confirming the accuracy of the representation and supplying the Court with (a) NYC DOC's Law Library records that reflect Plaintiff's check-in signature, (b) video footage and/or (c) any other evidence confirming that Plaintiff had in fact visited the Law Library on October 12 and 16; or

        ii. Providing a detailed explanation why an inaccurate representation was made to the Court regarding Plaintiff's use of the Law Library on October 12 and 16.

    b. Providing the City's assurance to the Court that Plaintiff will be provided with Law Library services and access to materials to prosecute his case moving forward, and an explanation of how NYC DOC plans to ensure that Plaintiff is provided such services. If the

---

[1] Plaintiff joined the conference around 11:45 a.m., due to delays in his transport by wheelchair to the conference room where Plaintiff was provided access to a telephone.

4

NYC DOC determines that it will not provide Plaintiff access to a wheelchair to transport him to the Law Library, then the City shall provide with its letter an affidavit or declaration from a medical professional supporting such determination, along with supporting medical records.

    2.    Plaintiff's deadline to file an Amended Complaint remains adjourned *sine die*.

**SO ORDERED.**

Dated:    New York, New York
            October 24, 2024

_____
STEWART D. AARON
United States Magistrate Judge