

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**SEAMUS O'CONNOR**
*Assistant Corporation Counsel*
seoconno@law.nyc.gov
Phone: *(212) 356-2337*
Fax: (212) 356-3509

November 1, 2024

**By ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>Robert Murray v. City of New York, et. al.</u>,
            24 Civ. 3758 (JGLC) (SDA)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York and the attorney assigned to the defense of the above-referenced matter. Defendant City of New York ("Defendant") respectfully submits this letter pursuant to the Court's October 24, 2024 Order.

      On September 23, 2024 plaintiff's common law wife filed a letter requesting a stay of this case because Department of Corrections (DOC) allegedly is not providing him with paper, pen, envelopes and stamps. (ECF No. 24) On October 18, 2024, Defendant filed a response to Plaintiff's letter. A conference was held on October 24, 2024, to address Plaintiff's allegations that he was being withheld from legal materials. (EFC No. 29.) The undersigned stated in the letter that Plaintiff had access to Law Library Services on October 12, 2024 and October 16, 2024. (ECF No. 29) On October 24, 2024 conference the undersigned made the representation that Plaintiff had access to the Law Library and in fact used Law Library services on October 12 and October 16. (Unnumbered Minute Entry dated October 24, 2024) On October 24, 2024 the Court ordered Defendants to (1) address the accuracy of the representation Plaintiff had access to the Law Library by either "(i) confirming the accuracy of the representation and supplying the Court with (a) NYC DOC's Law Library records that reflect Plaintiff's check-in signature, (b) video footage and/or (c) any other evidence confirming that Plaintiff had in fact visited the Law Library on October 12 and 16; or (ii.) Providing a detailed explanation why an inaccurate representation was made to the Court regarding Plaintiff's use of the Law Library on October 12 and 16, 2024, and explanation on how Department of Corrections will provide Law Library access to Plaintiff going forward." (ECF No. 30)

      After reviewing the record, it appears that the Court understood "Law Library services" to mean that Plaintiff was taken to the Law Library. In fact, during October 12 and 16, 2024, Plaintiff was assigned to a restrictive housing area at George R. Vierno Center (GRVC). Inmates

in this restrictive housing area receive Law Library services as opposed to access to the Law Library itself. This means that inmates request materials, either verbally or through a written request slip, from the Legal Coordinator, who then provides the requested research as well as other materials necessary to proceed in their legal cases. All materials are provided in the inmates cell or housing area. Inmates are not required to sign anything in order to receive these services, and therefore there are no sign-in sheets. According to DOC, October 12, 2024, Plaintiff was afforded Law Library services, but did not make any requests. Therefore, there is no record of his failure to make any request, though the attached log book page shows that services were offered to his housing area. (Exhibit A-October 12, 2024 Logbook) On October 16, 2024, Plaintiff was again offered law library services, and requested materials. The attached log book indicates that he was provided services. (Exhibit B- October 16, 2024 Logbook) The attached videos shows documents requested being provided on the food slot in front of Plaintiff's cell. (Exhibit C- Still Image from GRVC GenTech Footage; Exhibit D-GRVC GenTech Footage from October 16, 2024)[1] To the extent the undersigned mistakenly led the Court to believe that Plaintiff went to the Law Library in GRVC, that was a miscommunication on the undersigned's part, and I apologize for the lack of clarity. In fact, on both of those dates, Law Library services were provided in the way described above.

Respectfully, Plaintiff does not require a wheelchair in order to access Law Library services. However, according to DOC, Plaintiff has now been provided with a wheelchair and transferred to a new facility. This facility also provides inmates access to in-cell library services. As there was at GRVC, the facility should make records of when Law Library services are provided and will note if Plaintiff refuses services.

Defendant thanks the Court for its time and consideration herein.

Respectfully submitted,

/s/ Seamus O'Connor
Seamus O'Connor
*Assistant Corporation Counsel*
Special Federal Litigation

Cc:   **VIA FIRST-CLASS MAIL**
Robert Lee Murray
B&C: 9902300038
11-11 Hazen Street
East Elmhurst, NY 11370
*Pro se Plaintiff*

---

[1] The video footage is contained in a flash drive that is currently being mailed to the Court.