```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Murray,

                Plaintiff,

-against-

City of New York, et al.,

                Defendants.

1:24-cv-03758 (JGLC) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE JESSICA G. L. CLARKE, UNITED STATES DISTRICT JUDGE:**

Plaintiff Robert Murray ("Plaintiff"), who currently is incarcerated at the George R. Vierno Center,[1] filed this action *pro se* against Defendants alleging violations of his constitutional rights under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Presently before the Court is a motion by Defendant City of New York (the "City") to revoke Plaintiff's *in forma pauperis* ("IFP") status. (Motion to Revoke, ECF No. 37.) For the reasons set forth below, it is respectfully recommended that the City's Motion be GRANTED.

---

[1] The ECF docket in this case lists Plaintiff's mailing address as Bellevue Hospital based upon a notice of change of address dated November 17, 2024. (Pro Se Mem., ECF No. 34.) However, the New York City Department of Correction Person in Custody Lookup Service reflects that Plaintiff currently is incarcerated at the George R. Vierno Center. Moreover, in another of Plaintiff's cases that was filed in this District, Plaintiff's mailing address was updated on January 22, 2025, from Bellevue Hospital to North Infirmary Command, 15-00 Hazen Street, East Elmhurst, NY 11370. (*See Murray v. City of New York et al.*, No. 24-CV-04918 (JLR) (OTW), ECF No. 34.) The Clerk of Court is respectfully requested to update Plaintiff's mailing address in this case to reflect the following: North Infirmary Command,15-00 Hazen Street, East Elmhurst, NY 11370.

**PROCEDURAL HISTORY**

On October 10, 2024, the City filed a Letter Motion requesting a stay of this case pending resolution of the City's motion to revoke Plaintiff's IFP status in a similar action brought by Plaintiff in this court, *Murray v. City of New York et al.*, No. 24-CV-04918 (JLR) (OTW). (Letter Motion, ECF No. 26.) On November 4, 2024, the Court granted the City's Letter Motion to stay and directed the City to file a letter to the ECF docket stating the disposition of the motion in case No. 24-CV-04918 no later than three days after resolution. (11/4/24 Order, ECF No. 32.)

On December 19, 2024, the City filed a letter to the ECF docket stating that it intended to file a motion to revoke Plaintiff's IFP status in this action and advised the Court that Judge Rochon denied the City's motion to revoke Plaintiff's IFP status as moot due to Plaintiff's payment of the filing fee in that case. (Def.'s Letter, ECF No. 35.) The City requested that the Court continue to stay this matter pending resolution of the City's forthcoming motion to revoke Plaintiff's IFP status. (*See id*. at 2.)

On December 20, 2024, the Court approved Plaintiff's request to continue the stay of this case until the Court's decision on the City's anticipated motion or until Plaintiff paid the filing fee. (12/2024 Order, ECF No. 36.) The Court directed the City to file its motion no later than January 17, 2025, Plaintiff to file any opposition no later than February 14, 2025, and the City to file any reply no later than February 28, 2025. (*Id*.)

On January 17, 2025, the City filed the instant motion to revoke Plaintiff's IFP status, pursuant to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), along with accompanying documents. (*See* Motion to Revoke; *see also* Declaration of

Seamus O'Connor ("O'Connor Decl."), ECF No. 38; 1/17/25 Mem., ECF No. 39.) Plaintiff did not file any opposition, or seek an extension of time to do so, and the City did not file any reply.

## LEGAL STANDARDS

The PLRA bars a plaintiff who is incarcerated from proceeding *in forma pauperis* in a new action if the litigant has had three prior dismissals on qualifying grounds (i.e., as frivolous, malicious, or for failure to state a claim). Specifically, the PLRA's "three strikes" provision provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 590 U.S. ---, ---, 140 S. Ct. 1721, 1727 (2020). "A dismissal of an appeal as frivolous" also counts as a strike. *Griffin v. Carnes*, 72 F.4th 16, 20 (2d Cir. 2023). Under § 1915(g), "[a]n imminent danger is not one that has dissipated by the time a complaint is filed . . .; rather it must be one existing at the time the complaint is filed." *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (internal quotation marks and citations omitted).

## DISCUSSION

The City alleges that Plaintiff's IFP status should be revoked because Plaintiff has more than three strikes under § 1915(g) and because his allegations do not establish an ongoing imminent danger subject to the exception. (1/17/25 Mem. at 5, 13.) The Court agrees.

3

I. **Three Strikes** [2]

The City has shown that Plaintiff has accumulated *at least* three strikes from prior cases that have been dismissed for failure to state a claim or as frivolous. First, in *Murray v. Fischer et al.*, No. 12-CV-01782 (FJS) (TWD) (N.D.N.Y. 2012), the court dismissed Plaintiff's amended complaint in its entirety for failure to state a claim. (*See Memorandum Decision and Order*, Ex. D to O'Connor Decl., ECF No. 38-4, at 12) ("Plaintiff's amended complaint is [dismissed] without prejudice in its entirety . . . for failure to state a claim upon which relief may be granted, without further leave to replead"). Second, in *Murray v. Nephew*, No. 12-CV-01783 (FJS) (CFH) (N.D.N.Y. 2012), the court dismissed Plaintiff's entire case for failure to state a claim. (*See Order*, Ex. G to O'Connor Decl. at 2, ECF No. 38-7) ("Defendant's motion to dismiss Plaintiff's complaint is [granted] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure"). Third, in *Murray v. Gillani*, No. 13-952 (2d Cir. 2013), the court dismissed Plaintiff's appeal of the Northern District of New York's grant of summary judgment in *Murray v. Gillani*, No. 12-CV-00401 (LEK) (ATB) (N.D.N.Y. 2012), for frivolousness. (*See Order*, Ex. I to O'Connor Decl., ECF No. 38-9 at PDF pp. 1-2) ("it is [ordered] that the appeal is *sua sponte* [dismissed] because it lacks an arguable basis in law or fact"). An appeal is frivolous when "it lacks an arguable basis either in law or fact." *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Accordingly, the Court finds that Plaintiff has accumulated three "strikes" under the PLRA while he was incarcerated and is therefore barred under § 1915(g) from filing IFP, unless Plaintiff

---

[2] The Court has confirmed that Plaintiff's NYSID number in this case is the same NYSID number for the plaintiff in the cases used for tabulating strikes in this Report and Recommendation.

4

alleges facts showing he is under imminent danger of serious physical injury, which as set forth below, he has not.[3]

## II. Imminent Danger Exception

Because Plaintiff has three strikes under § 1915(g), he cannot file federal civil actions IFP unless he pays the filing fee or alleges facts demonstrating that he is in imminent danger. *Hickman v. Biben*, No. 24-CV-02731 (LTS), 2024 WL 1587320, at *1 n.2 (S.D.N.Y. Apr. 11, 2024). "A prisoner [] may satisfy the 'imminent danger of serious physical injury' exception by alleging facts plausibly showing that an imminent danger 'exist[ed] at the time the complaint [was] filed.'" *Lewis v. Huebner*, No. 17-CV-08101 (KMK), 2019 WL 1236299, at *3 (S.D.N.Y. Mar. 18, 2019) (quoting *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002)). In addition, the complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). Plaintiff's Complaint does not set forth allegations that he is in imminent danger of serious physical injury. The Complaint only focuses on incidents in the past. (Compl. at PDF pp. 5-10.) As such, the Court finds that Plaintiff's Complaint does not satisfy the exception to § 1915(g). *See Burgess v. Conway*, 61 F. Supp. 2d 280, 283 (W.D.N.Y. 2009) (finding imminent danger exception not satisfied when plaintiff's complaint "simply allege[d] that he [was] assaulted in the past, and there [were] no other allegations in the complaint indicating that another attack [was] imminent").

---

[3] The Court need not consider the other cases included in the City's memorandum (*see* City 1/17/25 Mem., ECF No. 39, at 10-12) since the City already has established that Plaintiff has three strikes.

**CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the City's motion to revoke Plaintiff's IFP status (ECF No. 37) be GRANTED.

As a courtesy, a copy of this Report and Recommendation shall be mailed by the Court to Cynthia Turnipseed at 758 Pelham Pkwy, Apt. 4F, Brooklyn, NY 10462. (*See* 1/27/25 End., ECF No. 41.)

Dated:     New York, New York
           March 3, 2025

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1). Any requests for an extension of time for filing objections must be addressed to Judge Clarke.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).