UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT L. MURRAY,<br><br>        Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, et al.,<br><br>        Defendants. | 24-CV-3758 (JGLC) (SDA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff Robert Murray filed this action, *pro se*, alleging violations of his constitutional rights while incarcerated. ECF No. 1. On June 4, 2024, this Court referred this action to Magistrate Judge Stewart D. Aaron for general pretrial and dispositive motion purposes. ECF No. 6. On January 17, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* ("IFP") status. *See* ECF Nos. 37–39. In a Report and Recommendation filed on March 3, 2025, Magistrate Judge Aaron recommended that the motion be granted. *See* ECF No. 43 (the "R&R"). The Court agrees and adopts the R&R in its entirety.

  In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No.43. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has independently reviewed the motion papers and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety. The Clerk of Court is respectfully directed to terminate ECF No. 37, revoke Plaintiff's IFP status, and to mail a copy of this order to Cynthia Turnipseed (who has indicated they are receiving mail on Plaintiff's behalf, *see* ECF No. 40) at 758 Pelham Pkwy, Apt. 4F, Brooklyn, NY 10462.

Dated: April 4, 2025
        New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

2